UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ERICKSON et al., <br><br>                    Plaintiffs, <br>     v. <br><br> JPMORGAN CHASE BANK, N.A. et al., <br><br>                    Defendants. | CASE NO. 2:23-cv-01801-LK <br><br> ORDER TO FILE AMENDED CORPORATE DISCLOSURE STATEMENTS |

This matter comes before the Court sua sponte. The corporate disclosure statements filed by Defendants McCarthy & Holthus, LLP ("M&H"), Dkt. No. 12, and Quality Loan Service Corp. of Washington ("QLS"), Dkt. No. 13, do not provide all of the information required by the federal and local rules of civil procedure and necessary for the Court to determine whether it has subject matter jurisdiction or a conflict in this matter.[1]

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an

---

[1] Even if M&H and QLS are fraudulently joined as Defendants allege, Dkt. No. 1 at 2–3, they are still required to comply with Federal Rule of Civil Procedure 7.1 and Local Civil Rule 7.1.

ORDER TO FILE AMENDED CORPORATE DISCLOSURE STATEMENTS - 1

"inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up).

M&H's corporate disclosure statement states that it "is a California limited liability partnership with multiple individual partners, none of which is a corporation," Dkt. No. 12 at 1, but it does not identify all partners in the LLP or their citizenship. This is insufficient. Local Rule 7.1 requires a party to identify all partners in an LLP and, in diversity cases like this, the citizenship of those partners. *See* LCR 7.1(a)(1), (b); *see also* Fed. R. Civ. P. 7.1(a)(2).

QLS's corporate disclosure statement states that "[n]o publicly-held company owns 10% or more of Quality," Dkt. No. 13 at 1, but it does not identify any parent corporation or state that there is none. Local Rule 7.1 requires a party to "[i]dentify any parent corporation" or state that there is none. *See* LCR 7.1(a)(1)–(2); *see also* Fed. R. Civ. P. 7.1(a)(1)–(2). In addition, QLS must identify not only the state where it is incorporated, but also its principal place of business. LCR 7.1(b); Fed. R. Civ. P. 7.1(a)(2).

M&H and QLS are accordingly ORDERED to file amended corporate disclosure statements no later than December 11, 2023, complying with Local Civil Rule 7.1 and Federal Rule of Civil Procedure 7.1. Failure to do so may result in sanctions.

Dated this 4th day of December, 2023.

Lauren King
United States District Judge