UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ERICKSON et al.,

        Plaintiffs,

   v.

JPMORGAN CHASE BANK, N.A. et al.,

        Defendants.

CASE NO. 2:23-cv-01801-LK

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO STRIKE

This matter comes before the Court on Shelley and John Ericksons' motion to strike and "object[ion] to Attorney Shane Gale[']s Hearsay Response," Dkt. No. 81 at 1, and their motion for reconsideration, Dkt. No. 83. For the reasons discussed below, the Court denies both motions.[1]

On February 28, 2024, the Court granted Defendants' motions to dismiss and denied the motions to remand, for default, and to strike the motion for default. Dkt. No. 79 at 17. The next

---

[1] The Ericksons' motion for reconsideration is 49 pages long and well in excess of the 2,100 word limit and the six page limit for motions written with a typewriter. LCR 7(d)(1), (e)(1). Because the Ericksons are proceeding pro se, the Court will consider 10 pages, which means that after excluding the caption and signature pages in the first three pages, the Court has considered their motion through page 13. Considering their entire motion would not change the result because they repeat the same arguments throughout.

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO STRIKE - 1

day, it entered judgment in favor of Defendants and against the Ericksons. Dkt. No. 80. On March 5, 2024, the Ericksons filed these motions as well as a "Memorandum & Notice of Violation of [P]laintiff[s'] 7th Amendment Rights." Dkt. Nos. 81–83.

Motions for reconsideration are disfavored, and the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1); *see also Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (noting that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources" (cleaned up)); *Barton v. LeadPoint Inc.*, No. C21-5372-BHS, 2022 WL 293135, at *1 (W.D. Wash. Feb. 1, 2022) (motions for reconsideration are not "intended to provide litigants with a second bite at the apple" and "should not be used to ask a court to rethink what the court had already thought through"). Furthermore, movants are required to "point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2). Failure to do so "may be grounds for denial of the motion." *Id.*

In their motion for reconsideration, the Ericksons assert that the deed of trust and note underlying the sale of their property were forged and "reiterate" that their "mortgage never made it to the trust." Dkt. No. 83 at 6–7. The Court considered and rejected these contentions based on issue preclusion and other reasons, Dkt. No. 79 at 11–16, and rehashing the same arguments does not entitle the Ericksons to reconsideration, *Person v. Washington*, No. 3:22-CV-05863-DGE-SKV, 2023 WL 3480891, at *1–2 (W.D. Wash. Apr. 10, 2023) (denying motion for reconsideration where the petitioner "raise[d] largely the same arguments already asserted").

The Ericksons also argue that Deutsche Bank is distinct from Deutsche Bank National Trust Company, and they did not name any Deutsche Bank trust entity—or Defendant JPMorgan Chase Bank, N.A.—in their 2010 lawsuit. Dkt. No. 83 at 4–6, 10. Both Chase Bank and Deutsche Bank National Trust Company are captioned as defendants in their 2010 lawsuit. *See Erickson v. Long Beach Mortg. Co.*, No. 10-1423-MJP, 2011 WL 830727, at *1 (W.D. Wash. Mar. 2, 2011). But that is beside the point. As the Court explained in its prior order, the doctrine of defensive non-mutual collateral estoppel bars the Ericksons from pursuing issues they previously litigated and lost against different defendants. Dkt. No. 79 at 12–14. Therefore, the doctrine applies even though some of the Defendants in this case are different than those in the Ericksons' prior cases.

The Ericksons seek "to initiate criminal proceedings" against the Defendants. Dkt. No. 83 at 6–7. Plaintiffs' desire to prosecute Defendants does not demonstrate any basis for reconsideration.

The Ericksons also contend that the courts in their prior lawsuits erred in various ways. Dkt. No. 83 at 8–12. However, "[a] final judgment is afforded preclusive effect even if erroneous." *Love v. Villacana*, 73 F.4th 751, 754 (9th Cir. 2023).

Liberally construed, the Ericksons' "Memorandum & Notice of Violation of [P]laintiff[s'] 7th Amendment Rights" may be part of their contemporaneously filed motion for reconsideration, so the Court considers them together. Dkt. No. 82 at 1. The Ericksons assert that the Court violated their rights by dismissing their complaint without a jury trial. *Id.* at 2. However, "courts may dismiss matters through pretrial proceedings without violating the Seventh Amendment." *Sec. & Exch. Comm'n v. Blockvest, LLC*, No. 18-CV-2287-GPB (MSB), 2020 WL 2786869, *7 (S.D. Cal. May 29, 2020); *see also Elofson v. Bivens*, 774 F. App'x 409, 411 (9th Cir. 2019) (rejecting contention that dismissal of claims violated the plaintiff's "Seventh Amendment jury right"). The Ericksons' motion for reconsideration is DENIED. Dkt. No. 83.

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO STRIKE - 3

The Ericksons have also filed a motion to strike the "hearsay response" filed by Shane Gale, who appeared on behalf of Defendants Lance Olsen, Quality Loan Service Corporation, and McCarthy & Holthus LLP. Dkt. No. 54; Dkt. No. 81 at 2. Gale filed several documents and the Ericksons' motion does not specify any particular one. *See generally* Dkt. No. 81; *see also* Dkt. Nos. 56–57, 75 (Gale's briefs). Regardless, the Ericksons' motion is procedurally improper. Local Civil Rule 7(g) requires that "[r]equests to strike material contained in or attached to submissions of opposing parties shall not be presented in a separate motion to strike, but shall instead be included in the responsive brief, and will be considered with the underlying motion." The motion is also untimely as the Court has already ruled on the relevant motions. *See* Dkt. No. 79. The Court therefore DENIES the Ericksons' motion to strike. Dkt. No. 81.

Dated this 14th day of March, 2024.

Lauren King
United States District Judge