UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ERICKSON et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A. et al.,<br><br>      Defendants. | CASE NO. 2:23-cv-01801-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

  This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Michelle L. Peterson, recommending that the Court deny pro se Plaintiffs John and Shelley Erickson's application to proceed *in forma pauperis* ("IFP") in their appeal because they failed to comply with Federal Rule of Appellate Procedure 24. Dkt. No. 94. The Ericksons filed a timely response to the R&R. Dkt. No. 95. Having reviewed the R&R, the Ericksons' response, and the remaining record, and for the reasons discussed below, the Court adopts the R&R and denies the Ericksons' motion to proceed IFP on appeal.

  On February 28, 2024, the Court granted Defendants' motions to dismiss and dismissed the Ericksons' claims based on issue preclusion and/or claim preclusion. Dkt. No. 79 at 11–14.

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

1  The Court further held that additional reasons compelled dismissal: the Ericksons did not state a claim against any of the Defendants, they lacked standing to pursue their robo-signing claim, that claim failed to state a cause of action, their allegations of fraud are time-barred, they did not establish a private right of action for their assertions of criminal wrongdoing, and their complaint could not be cured by the allegation of other facts. *Id.* at 15–16. The Ericksons then filed a motion to strike one of the motions to dismiss, a motion for reconsideration, and a motion for recusal, all of which were denied. Dkt. Nos. 81–87, 91.

The Ericksons appealed the Court's order of dismissal, Dkt. No. 88, and filed a motion to proceed IFP on appeal, Dkt. No. 89. Judge Peterson denied their IFP application without prejudice for failure to comply with Federal Rule of Appellate Procedure 24 and directed the Ericksons to file a compliant application by May 17, 2024. Dkt. No. 90 at 1–2 (noting that the Ericksons "mistakenly submitted the district court's IFP form instead of the financial affidavit approved for use by the Ninth Circuit Court of Appeals" and advising them where to locate the correct financial affidavit on the Ninth Circuit's website). The Ericksons did not file a timely application, and on May 20, 2024, Judge Peterson recommended that the Court deny their IFP application with prejudice. Dkt. No. 94 at 1. On May 26, 2024, Ms. Erickson sent a response, stating that she "[a]ccidently sent . . . all paperwork . . . to the San Francisco Appeals Court[.]" Dkt. No. 95 at 2–3. With that paperwork, she included an unsigned Form 4 Motion and Affidavit to Proceed in Forma Pauperis. *Id.* at 23–30; *see also id.* at 31–32 (an unsigned Declaration and Application to Proceed IFP using the district court's form).

Under Federal Rule of Appellate Procedure 24(a)(1), parties who have not previously been granted IFP status "must file a motion in the district court" to appeal IFP.[1] The motion must include

---

[1] If the district court denies IFP status on appeal, the party may subsequently file a motion to proceed IFP in the court of appeals. Fed. R. App. P. 24(a)(5).

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

1 a financial affidavit. Fed. R. App. P. 24(a)(1)(A) (requiring an affidavit); 28 U.S.C. § 1915(a)(1)

2 (permitting litigants to proceed IFP on appeal based on a proper affidavit of indigency). Here, the

3 Ericksons have not complied with Rule 24 or the statute because they have not filed a signed

4 application to proceed IFP. The Court thus denies their application to proceed IFP.

5       The Court also declines to grant the Ericksons another opportunity to cure the defect

6 because they have already been given an opportunity to fix their deficient IFP application and have

7 not done so. *See* Dkt. No. 90. In addition, their appeal is frivolous and not taken in good faith. *See*

8 28 U.S.C. § 1915(a)(3); *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (a good faith

9 appeal must seek review of at least one "non-frivolous" issue or claim). An issue is "frivolous"

10 where it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325

11 (1989); *see also Chen v. King Cnty. Sheriff's Off.*, No. 2:21-cv-01492-LK, 2023 WL 1824404, at

12 *1 (W.D. Wash. Jan. 26, 2023) (denying motion for leave to appeal IFP when plaintiff's claims

13 were frivolous). In their statement of issues on appeal, the Ericksons aver that the Court "violated

14 Appellee's statutory right Appellant's by the clerk language of the statute CR 55,(a)(1)(2)

15 mandates that both a motion[] and[] an affidavit from a competent witness are required for

16 standing" but "the appellant's lacked standing and defaulted. And [J]udge [K]ing lacked subject

17 matter jurisdiction." Dkt. No. 95 at 33 (emphases omitted). These contentions do not include a

18 non-frivolous argument that the Court dismissed the complaint in error. Therefore, the Ericksons'

19 appeal lacks the presence of at least one non-frivolous issue or claim with respect to the Court's

20 order of dismissal.

21       Accordingly, the Court hereby ORDERS:

22       (1) Judge Peterson's R&R, Dkt. No. 94, is ADOPTED.

23       (2) Plaintiffs' IFP application, Dkt. No. 89, is DENIED with prejudice.

24

(3) Pursuant to Federal Rule of Appellate Procedure 24(a)(4)(A), the Clerk is directed to notify the parties and the Ninth Circuit Court of Appeals of the denial of the motion to proceed IFP on appeal.

Dated this 7th day of June, 2024.

*Lauren King*
Lauren King
United States District Judge